GEORGE ARROWSMITH *against* HELEN CATLIN and others, Executors of LYNDE CATLIN, deceased.

When a person employs another to make for him a certain number of steam boilers, on a special contract, and, when they are made, refuses to receive them, a recovery may be had on the count for work, labor and materials.

ASSUMPSIT.

The declaration contained seven counts:

1. A special count, that, in consideration plaintiff would furnish the necessary materials to make and construct, and would make and construct five steam-boilers for a steam engine, to a certain rolling-mill, at the Sterling Works, owned by the testator, he promised to accept and receive the same, at and after the rate of fifteen cents per pound. *Avers tender*, and refusal to accept.

2. Work, labor and materials.

3. *Quant: valebant.*

4. For store room.

5. Goods sold and delivered.

6. Goods bargained and sold.

7. *Insimul computassent.*

The boilers, in question, had been ordered by a third person, of the name of Holly, whose authority was questioned; and, whether he had original authority, or whether his acts had been afterwards ratified by the testator, became, in the course of the cause, the important questions for the jury. The boilers, when finished, remained with the plaintiff, the testator having refused to accept them.

It did not appear that there had been any argreement whatever as to price.

*Anthon*, for defendants, moved a non-suit, and contended that, admitting the authority of Holly, the plaintiff, under the circumstances of the case, could recover under no other count but the first, for not receiving, and that this count varied from the proof in setting forth a contract to pay fifteen cents per pound for the boilers. He cited Saunder's P. & E. 535; *Summons* v. *Swift*, 5 B. & C. 857; *Chaplin* v. *Rogers*, 1 East, 191; *Owenson* v. *Morse*, 7 D. & E. 67; *Maberly* v. *Shepherd*, 10 Bing. 43; *Elliot* v. *Pybus*, 10 Bing. 512; *Atkinson* v. *Bell*, 8 B. & C. 277; *Cotterel* v. *Apsey*, 6 Taunton, 322.

JONES, C. J. It appears to me the plaintiff may recover on the count, for work, labor and materials. I shall, therefore, deny the non-suit.(1)

> Verdict for plaintiff.

(1) The chief justice, in this case, was clearly wrong on the grounds asserted by him. No recovery could be had upon the evidence in this case, on any count except the first, and the counsel for the plaintiff was right in confining his efforts to that count, and to the right to amend it under the statute.

In January term, this question was argued by *Anthon*, for defendants, and *Ketchum*, for plaintiff. *Anthon* cited the cases above stated, and *Ketchum* referred to *Boorman* v. *Johnson*, (12 Wend. 577,) to show that the variance was amendable under 2 R. L. 406, sec. 79.

### The court confirmed the verdict.

The property had not so passed to the defendant as to enable the plaintiff to recover on the counts for goods bargained and sold, or for work, labor and materials. When a thing is ordered to be made, while it is in progress, the materials belong to the maker. The property does not vest in the party who gives the order, until the thing ordered is completed, and although, while the thing is in progress, the maker may intend them for the person ordering, still he may afterwards deliver them to another, and thereby vest that property in that other. Although the maker may thereby render himself liable to an action for so doing, still a good title is given to the party to whom they are delivered.

As to the counts for work and labor: if you employ a man to build a house on your land, or to make a chattel with your materials, the party who does the work has no power to appropriate the produce of his labor and your materials to any other person. Having bestowed his labor, at your request, on your materials, he may maintain an action against you for work and labor. But if you employ another, to work up his own materials, in making a chattel, then he may appropriate the produce of that labor and materials to any other person. No right to maintain an action vests in him during the progress of the work, but when the chattel has assumed the form bargained for, and the party has accepted it, the party employed may maintain an action for goods sold and delivered; or, if the employer refuse to accept, a special action on the case for such refusal. But he cannot maintain an action for work and labor, because his work and labor was bestowed on his own materials, and for himself, and not for the person who employed him.

These are the words of Bayley, J., in *Atkinson* v. *Bell*, (8 Barn. & Cres. 277,) and while on the one hand they show clearly the rules of law governing this species of contract, they, on the other, redeem the ancient practice from the censure of the ignorant, showing how closely connected the sound principles of the law are with well pleading. The rigor of the rule consisted well with that era of legal science, which exacted the *viginti annorum lu-*

Arrowsmith v. Catlin and others.

*cubrationes,* and the statutes in modern times, authorizing amendments *ad libitum,* consist better with the present. The section of the statute relied upon by the plaintiff, and under which the case was ultimately decided, was quite broad enough to sustain such decision. It was not a case of surprise, and, therefore, the court might disregard it at the trial, or amend after verdict.